SEYFARTH SHAW LLP
Scott H. Olson (State Bar No. 249956)
Mark Mengelberg (State Bar No. 200249)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Plaintiff
J.E. Robert Company, as Special Servicer for
Wells Fargo Bank, N.A., as Trustee for the Registered
Holders of J.P. Morgan Chase Commercial Mortgage
Securities Trust 2007-LDP10 Commercial Mortgage
Pass-Through Certificates, Series 2007-LDP10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| J.E. ROBERT COMPANY, AS SPECIAL SERVICER FOR WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2007-LDP10 COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-LDP10, <br><br> Plaintiff, <br><br> v. <br><br> TROPHY PROPERTIES IV B8A, LLC and DOES 1 – 50, inclusive, <br><br> Defendants. | Case No. C 10-3086 RS <br><br> **AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT OF A RECEIVER AND TEMPORARY RESTRAINING ORDER** |

On July 20, 2010, at 2:30 p.m., this Court considered the Emergency Motion for

appointment of a receiver ("Emergency Motion") filed by Plaintiff J.E. Robert Company, as

Special Servicer for Wells Fargo Bank, N.A., as Trustee for the Registered Holders of J.P.

Morgan Chase Commercial Mortgage Securities Trust 2007-LDP10 Commercial Mortgage Pass-

Through Certificates, Series 2007-LDP10 ("Plaintiff"). Plaintiff appeared by its counsel,

Scott H. Olson of Seyfarth Shaw LLP.  Defendant Trophy Properties IV B8A, LLC

1    ("Defendant") appeared by its counsel, Ed Singer.  The Defendant has agreed to the appointment

2    of a receiver and the terms of this Order.  The Court, having considered Plaintiff's Emergency

3    Motion, and the pleadings and papers filed in support of such Motion, the arguments of counsel

4    at the hearing, and the Court, having determined that (1) good cause exists for the appointment of

5    a receiver, (2) Defendant received proper notice of the Emergency Motion, and that (3) Plaintiff

6    would suffer irreparable injury without the appointment of a receiver, and, good cause appearing

7    therefor,

8        IT IS HEREBY ORDERED as follows:

9    **APPOINTMENT OF RECEIVER**

10       IT IS HEREBY ORDERED that Steven R. Boyack of Laramar Urban Specialty Partners

11   LLC ("Receiver"), is qualified to act as Receiver in this action, and is hereby appointed as

12   Permanent Receiver, pursuant to Federal Rule of Civil Procedure 66 and Civil L.R. 66, to take

13   possession, custody, and control of the property described below ("Property").

14   **1.    Description of the Property:**

15       As used herein, the Property shall mean, collectively, the multi-family real properties

16   located at (a) 755-757 Green Street, San Francisco, CA, (b) 940-949 Hayes Street, San

17   Francisco, CA, (c) 720 Jones Street, San Francisco, CA, (d) 815 O'Farrell Street, San Francisco,

18   CA, (e) 1705 Octavia Street, San Francisco, CA, (f) 626 Powell Street, San Francisco, CA, (g)

19   1085 South Van Ness Avenue, San Francisco, CA, and (h) 1155 Jones Street, San Francisco,

20   CA, the description of which is contained in the Deed of Trust attached to Plaintiffs' Complaint

21   as Exhibit 2.  The Property, along with any related personal property owned by Defendant and

22   secured by the Deed of Trust or any other document executed by Defendant in favor of Plaintiff

23   in connection the loan, including but not limited to, all rents, issues and profits related to the

24   Property, shall be referred to herein as the "Receivership Estate".

25   **2.    Receiver's Oath and Bond:**

26       The Receiver shall execute a Receiver's Oath.  Within three days of entry of this Order,

27   the Receiver shall also post a Bond from an insurer in the sum of $20,000, conditioned upon the

28   faithful performance of the Receiver's duties.  The Receiver's Bond and Oath may be filed by

1    electronic transmission.  This Order shall become effective upon the Court's receipt of such.

2    The Receiver discloses that he is employed as Vice President of Laramar Urban Specialty

3    Partners, LLC, which will be the property manager for the Property.

4    **3.    Receiver's Fees:**

5          All fees and costs of the Receiver and employees of the Receiver shall be accounted for

6    in the monthly financial report. Upon submission of the monthly report, without further Order of

7    the Court, the Receiver shall be entitled to fees and reimbursement of all expenses, from funds of

8    the Receivership Estate for such time as is reasonable and necessary for the Receiver to

9    accomplish the purposes and tasks set forth in this Order, at the rate described in Exhibit A

10   attached hereto.  Receiver's expenses shall include, but not be limited to travel, mileage, faxes,

11   copies, photographs, printing and similar Receiver-provided benefits.

12   **4.    Receiver's Authority and Duties:**

13        **(A)**    The Receiver shall take immediate and exclusive possession, custody and control

14                of all real and personal property including, without limitation, any related

15                business operated by Defendant (whether such business be managed by the named

16                Defendant or its agents) and all monies there from, equipment, fixtures,

17                furnishings, books, records, inventory, assets, royalties, rents (including any and

18                all prepaid rents for subsequent periods), receivables, accounts, deposits, equities,

19                and profits. The Receiver shall care for, preserve and maintain the Property, and

20                may incur any expenses necessary for this purpose. All such expenses shall be

21                paid from funds of the Receivership Estate.

22        **(B)**    The Receiver is hereby given the power and authority usually held by receivers

23                and reasonably necessary to accomplish the purpose of this Receivership

24                including, without limitation, the specific powers to:

25                **i.**    Change any and all locks on the Property (other than to occupied residential

26                        units) and limit Defendant's access thereto;

27                **ii.**   Maintain, protect, collect, sell, liquidate, or otherwise dispose of property;

28                        provided, however, that the Receiver shall not sell or otherwise dispose of

3

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT
OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

any property, other than in the ordinary course of business, except as
provided in section 10 of this Order;

iii.  Take possession of all bank and other deposit accounts of the Defendant
related to the Property; open, transfer and change all bank and trade
accounts relating to the Property, so that all such accounts are in the name
of the Receiver; and make disbursements in payment of expenses incurred
by the Receiver in accordance with this Order;

iv.  Hire, on a contract basis, professionals, employees, real estate brokers,
general contractors and other personnel necessary to manage, preserve,
market and sell the Property;

v.  Retain existing employees of the Defendant or related parties as
Defendant's employees in order to continue any business operations, in
which case payroll taxes, workers compensation insurance, and related
costs will be carried and reported as those of the Defendant, and not of the
Receivership Estate. The Receiver may, in the alternative in his sole
discretion, carry all employees as those of any management company or
other entity hired by the Receiver;

vi.  Hire, employ, pay and terminate servants, agents, employees, clerks and
accountants; purchase materials, supplies, advertising, and other services at
ordinary and usual rates and prices using funds that shall come into the
Receiver's possession; collect or compromise debts of the Receivership
Estate;  incur risks and obligation ordinarily incurred by owners, managers,
and operators of similar enterprises, which in the Receiver's reasonable
judgment, are necessary for the operation of the business, and no such risk
or obligation incurred shall be the personal risk or obligation of the
Receiver but only that of the Receivership Estate;

vii.  Reject any leases or unexpired contracts of the Defendant that are, in the
Receiver's judgment, burdensome on the Receivership Estate in accordance

1   with applicable law;

2   viii.   Make and enter into new residential leases for a term not exceeding one

3   year, obtain and eject tenants, and set or modify rents and terms of rent in

4   accordance with applicable law, without prior Court approval; make and

5   enter into new commercial leases for a term not exceeding five years,

6   obtain and eject tenants, and set or modify rents and terms of rent in

7   accordance with applicable law, without prior Court approval; the Receiver

8   may retain the services of one or more real estate agents to assist in the

9   leasing of the Property, so long as the commission paid to such agents is

10   within the industry norms for the leasing of similar properties;

11   ix.   Borrow funds from Plaintiff or third parties required to continue the

12   operation of the existing business and/or when current income is

13   insufficient to meet expenses, upon such terms as deemed reasonable by the

14   Receiver.  Nothing in this Order shall obligate Plaintiff to provide such

15   funds, and Plaintiff, or any other lending party, shall be entitled to the

16   issuance of a Receiver's Certificate, in accordance with Section 18 of this

17   Order;

18   x.   Collect all rents, profits and income, which now or hereafter may be due

19   from the operation of the Property and improvements thereon, including

20   such rents, income and profits presently held in bank accounts for the

21   Property;

22   xi.   Direct tenants of the Property to pay rent to the Receiver or directly into

23   any account established under the loan documents attached to Plaintiff's

24   Complaint for the purpose of collecting rents and profits from the Property;

25   xii.   Subject to applicable law, employ and compensate unlawful detainer

26   attorneys or eviction services or other counsel with respect to the operation

27   of the Property.  Notwithstanding any other provision of this Order, the

28   Receiver is authorized to employ Phillip Wang, Esq. of the law firm of

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT
OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

Duane Morris, LLP at his normal and customary rate for similar services as his counsel in this matter without further application to the Court. The Receiver may pay for such services from the funds of the Receivership Estate. Neither Mr. Wang nor Duane Morris, LLP are associated with or employed by an attorney for any party.

    **xiii.** With prior Court approval, abandon property the Receiver considers to be of little or no value to the Receivership Estate.

    **xiv.** Otherwise comply with all of the Orders of this Court.

**(C)** The Receiver shall not be obligated to prepare or file any federal or state income tax, returns, schedules or other forms on behalf of Defendant, which continue to be an obligation of the Defendant.

**5.   Overhead Expenses of Receiver:**

All fees and expenses incurred by the Receiver, which pertain solely to the Receiver's general office administration and/or overhead, including, but not limited to office supplies, employee wages, taxes and benefits and other charges shall not be an expense of the Receivership Estate unless incurred directly and solely for the benefit of the Receivership Estate.

**6.   Inventory:**

Within thirty (30) days after entry of this Order hereunder, the Receiver shall file an inventory of all real property and personal property taken into possession pursuant to this Order.

**7.   Security Deposits:**

Any security or other deposits which tenants have paid to Defendant or its agents and which are not turned over to the Receiver, and over which the Receiver has no control, shall be obligations of the Defendant and may not be refunded by the Receiver without an order of this Court. Any other security or other deposits that tenants have paid or may pay to the Receiver, if otherwise refundable under the terms of their leases or agreements with the Receiver, or if refundable under the terms of their leases or agreements on the date of entry of the Order through such date that the Order is in effect, shall be refundable by the Receiver in accordance with such

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

1  leases or agreements.  Trophy has provided to the Court a Declaration attaching a record of the

2  security deposits, which is attached as Exhibit A to this Order.

3  **8.       Monthly Reports:**

4          The Receiver shall prepare and serve on Plaintiff and Defendant interim reports of the

5  condition and operation of the Receivership Estate within thirty (30) days of the closing of each

6  accounting period or month. These interim reports shall include the Receiver's fees and expenses

7  of the Receivership Estate, including fees and costs of accountants and attorneys authorized by

8  the Court, incurred for each reporting period in the operation and administration of the

9  Receivership Estate.  The Receiver shall follow accounting standards typical for similar

10  properties, and may enlist the aid of accountants for  preparation of Receiver's reports to the

11  Court.  Upon service of each report, if no objections are received within 7 calendar days, the

12  Receiver may disburse funds from the Receivership Estate in the amount of each statement.

13  Notwithstanding periodic payment of fees and expenses, all fees and expenses shall be submitted

14  to the Court for approval at the hearing to discharge the Receiver.

15  **9.       Management of the Property and/or Business Entity:**

16          The Receiver shall operate and manage the Property including, but not limited to,

17  collecting rent, and operating any related business entity. The Receiver may employ such agents,

18  independent contractors, employees and management companies to assist the Receiver in

19  managing the Receivership Estate including, but not limited to, a company or entity in which the

20  Receiver is a principal or which is affiliated with the Receiver, provided the amount of

21  compensation paid to any such agent or firm is comparable to that charged by similar entities for

22  similar services. The Receiver may undertake the risks and obligations ordinarily incurred by

23  owners, managers and operators of similar businesses and enterprises and the Receiver shall pay

24  for these services from the funds of the Receivership Estate.  No risk or obligation incurred

25  under this Order shall be the personal risk or obligation of this Receiver, but shall only be the

26  risk and obligation of the Receivership Estate. All who are acting, or have acted, on behalf of the

27  Receiver at the request of the Receiver under this Order are protected and privileged with the

28  same protections of this Court as the Receiver.

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT
OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

10. **Sale of the Property:**

(A)   The Receiver is authorized and directed to investigate and evaluate whether the best interests of the parties are served through a public or private sale, as provided under 28 U.S.C. § 2001(a) and (b).  The Court appoints and makes the Receiver the Defendant's attorney in fact, for the sole purpose of selling all or a portion of the Property on behalf of, and in the name of, Defendant, subject to the requirements contained in 28 U.S.C. §2001, including Court approval and notice. Trophy is not waiving any rights that it might have, if any, under applicable law, to object to a sale.

(B)   The Receiver is authorized and directed to market the Property in a commercially reasonable manner and negotiate and execute a contract to sell the Property, subject to further order of the Court confirming the sale and authorizing delivery of a conveyance deed.

(C)   The Receiver shall be the exclusive disposition agent, but may retain the services of one or more real estate agents ("Brokers") to assist in the marketing and sale of the Property, so long as the <u>total</u> real estate commissions paid to all Brokers (and the Receiver, if applicable) is within the industry norms for the sale of similar properties.  If no Brokers participated in the sale, the Receiver shall be entitled to a "Transaction Fee" of two percent (2%) of the sale price. No Transaction Fee will be due if Receiver is paid any portion of the Brokers' commission.

(D)   The Receiver, Plaintiff or Defendant may petition the Court for approval, by motion, of any contract for sale of Receivership Estate, and any such order of approval of sale shall be a final order.  After closing on the sale of any of the Receivership Estate, the Receiver shall include in the Monthly Report, with respect to the property which was sold, sale price and the date of the sale.

(E)   The "Net Proceeds of the Sale of the Property" shall be the gross sales price of the Property less closing costs, title insurance, prorations, sales commissions and other fees, costs, or adjustments approved by the Receiver and Plaintiff.

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

(F)  The Net Proceeds of the Sale of the Property shall be disbursed as follows:

    i.  First, for payment of any unpaid fees and expenses, of the Receiver, if any; and

    ii.  Second, to Plaintiff, for amounts due under their loan.

    iii.  Any remaining sums shall be held by the Receiver pending further order of the Court

**11.  Police Assistance:**

The Receiver may request assistance of law enforcement officials when taking possession, or at any other time during the term of the Receivership, if in the opinion of Receiver, such assistance is necessary to preserve the peace and protect the Receivership Estate.

**12.  Bank Accounts:**

The Receiver shall take possession of, and receive from all depositories, banks, brokerages and otherwise, any money on deposit in such institutions belonging to or arising from the operation of the Property, whether such funds be in accounts titled in the name of the Defendant or not, and the Receiver may obligate the Receivership Estate to indemnify the institution upon whom such demand is made, and is empowered to open or close any other accounts. The Receiver shall deposit monies and funds collected and received in connection with the Receivership Estate at federally-insured banking institutions or savings associations which are not parties to this case.  Monies coming into the possession of the Receiver and not expended for any purposes herein authorized shall be held by the Receiver pending further orders of this Court.

**13.  Use of Funds:**

The Receiver shall pay only those bills that are reasonable and necessary for the operation of the protection of the Receivership Estate and shall allocate funds in the following order of priority: (1) the costs and expenses of the Property; (2) utilities, insurance premiums, general and special taxes or assessments levied on the real property and improvements thereon; (3) the creation and retention by the Receiver of a reasonable working capital fund; (4) amounts due to Plaintiff.

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

**14.  Utilities:**

Any utility company providing services to the Property, including gas, electricity, water, sewer, trash collection, telephone, communications or similar services, shall be prohibited from discontinuing service to the Property based upon unpaid bills incurred by Defendant.  Further, such utilities shall transfer any deposits held by the utility to the exclusive control of the Receiver and be prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services.  New accounts under the name of the Receiver shall be established within 30 days.  Utility companies are prohibited from discontinuing service while the new Receivership accounts are in process of being established.  Receiver shall not be responsible for payment of any utility bills, unpaid payroll expenses, unpaid service vendor invoices, unpaid supply vendor invoices or other unpaid invoices incurred by, or for the benefit of, the Property prior to the Receiver's taking possession of the Property, all such expenses being the sole obligation of Defendant.

**15.  Mail:**

The Receiver may issue demand to the U. S. Postal service to grant exclusive possession and control of mail including postal boxes as may have been used by Defendant and may direct that certain mail related to the Property and its business be re-directed to Receiver.

**16.  Insurance:**

The Receiver shall determine upon taking possession of the Property whether, in the Receiver's business judgment, there is sufficient insurance coverage.  With respect to any insurance coverage in existence or obtained, the Receiver, Plaintiff and the property management company, if any one exists, shall be named as an additional insured on the policies for the period of the Receivership.  If sufficient insurance coverage does not exist, the Receiver shall immediately notify the parties to this lawsuit and shall have thirty (30) calendar days to procure sufficient all-risk and liability insurance on the Property (excluding earthquake and flood insurance) provided, however, that if the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to adequately insuring the Property.  The Receiver shall not be responsible for claims arising from the lack of procurement or inability

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT
OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

1    to obtain insurance.

2    **17.     Receiver's Certificates:**

3          In the event that income from the operation of the Property is insufficient to meet normal

4    operating expenses and costs, the Receiver is authorized to borrow money and to issue

5    Receiver's Certificates to secure such indebtedness.  The total amount of all monies borrowed

6    and Receiver's Certificates issued shall not exceed Ten Thousand Dollars ($10,000.00) without

7    further approval by Plaintiff.

8    **18.     Plaintiff to notify Receiver of the Appearances of all Parties:**

9          The Plaintiff is ordered to promptly notify the Receiver of the names, addresses, and

10   telephone numbers of all parties and their counsel who appear in the action, so that the Receiver

11   may give notice to all parties of any matters affecting the Receivership.

12   **19.     Instructions in the Event of a Bankruptcy Filing:**

13         **(A)     Defendant's Duty to Give Notice of Bankruptcy**: In the event that a bankruptcy

14                case is filed by Defendant during the pendency of this Receivership, Defendant

15                must give notice of same to this Court, to all parties, and to the Receiver, within

16                24 hours of the bankruptcy filing.

17         **(B)     Receiver's Duties if Bankruptcy is Filed**: Upon receipt of notice that a

18                bankruptcy has been filed which includes as part of the bankruptcy estate any

19                property which is the subject of this Order, the Receiver shall do the following:

20                **i.     Immediately Turn Over the Property if No Relief From Stay or**

21                       **Motion to Dismiss the Bankruptcy will be sought:** The Receiver shall

22                       immediately contact the Plaintiff, and determine whether that party intends

23                       to move in the Bankruptcy Court for an order for both: (a) relief from the

24                       automatic stay or motion to dismiss and (b) relief from the Receiver's

25                       obligation to turn over the property (11 U.S.C. Section 543).  If the

26                       Plaintiff indicates no intention to file such a motion within 10 days, then

27                       the Receiver shall immediately turn over the Property (to the trustee in

28                       bankruptcy, or if one has not been appointed,  then to the Defendant if it is

11

a "debtor-in-possession"), and otherwise comply with 11 U.S.C. Section 543.

      **ii.**    **Remain in Possession and Preserve the Property, Pending Resolution of Motion for Relief From Stay and Turnover, or Motion to Dismiss**: If the Plaintiff notifies the Receiver of its intention to immediately seek relief from the automatic stay or file a motion to dismiss, then the Receiver is authorized to remain in possession and preserve the Property pending the outcome of those motions pursuant 11 U.S.C. Section 543 (a). The Receiver's authority to preserve the property is limited as follows: The Receiver may continue to collect rents, issues, and profits. The Receiver may make disbursements, but only those which are necessary to preserve and protect the property. The Receiver shall not execute any new leases or other long-term contracts. The Receiver shall do nothing that would effect a material change in circumstances of the property.

      **iii.**   The Receiver is authorized to retain legal counsel to assist the Receiver with the bankruptcy proceedings.

**20.**    **Receiver's Final Report and Account:**

     As soon as is practicable after the Receivership terminates, the Receiver shall file, serve, and set for hearing in this Court his Final Report and Account. Notice shall be given to all persons whom the Receiver has received notice of potential claims against the Receivership Estate. The motion to approve the final report and accounting, and for discharge of the Receiver, shall contain a summary of the Receivership accounting including enumeration, by major categories, of total revenues and total expenditures, the net amount of any surplus or deficit with supporting facts, a declaration under penalty of perjury of the basis for the termination of the Receivership, and evidence to support an order for the distribution of any surplus, or payment of any deficit, in the Receivership Estate. The bond of the Receiver shall be canceled and exonerated upon the Court's discharge of the Receiver.

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

**21.   Instructions from the Court:**

The Receiver and the parties to this case may at any time apply to this Court for instructions or orders. The Court may grant any order requested by the Receiver, without further notice or hearing, if no objection is filed with the Court and served on the Receiver and the parties within twenty days after filing and service of the Receiver's request.

**22.   General Provisions.**

   **(A)**   No person or entity shall file suit against the Receiver, or take other action against the Receiver, without a prior order of this Court permitting the suit or action provided, however, that no prior Court order is required to file a motion in this action to enforce the provisions of this Order or any other order of this Court in this action.

   **(B)**   The Receivership Estate and its employees, agents, attorneys and all professionals and management companies retained by the Receiver shall have no liability for any obligations, or debts incurred by Defendant. The Receiver and its employees, agents and attorneys shall have no personal liability, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, without prior authority from this Court as stated in (A) above.

   **(C)**   Nothing contained in the order of the Court shall be construed as obligating or permitting the Receiver to advance its own funds to pay any costs and expense of the Receivership Estate.

   **(D)**   Plaintiff shall indemnify, defend and hold the Receiver harmless from all suits in connection with the Property and from any and all liability, including for damages to property and injury or death related to the Property, except for liability arising out of the Receiver's willful misconduct or gross negligence that is not the result of Plaintiff's instruction or direction.

   **(E)**   Receiver is not connected with Plaintiff, either through blood, marriage or any employment or ownership interest.

---

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT
OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

# TEMPORARY RESTRAINING ORDER

23.     It Is Further Ordered that Defendant, and its respective agents, partners, property managers, employees, assignees, successors, representatives, managers and managing members, and all persons acting under, in concert with, or for them are ordered to immediately:

    **(A)**    **Turnover of Property:** Relinquish and turn over possession of the Property to the Receiver upon his appointment becoming effective;

    **(B)**    **Turnover of Keys, Books, and Records:** Turn over to the Receiver and direct all property managers and other third parties in possession thereof to turn over all keys, leases, books, records, books of account, banking records, statements and cancelled checks, ledgers, operating statements, budgets, real estate tax bills, contracts, and all business records related to the Property, and provide Receiver with all passwords needed to access all records and files maintained on any computer located on the Receivership Estate, or any other computers on which such information is stored, together with passwords needed to access Defendant's e-mail account, and all other business records relating to the Property, wherever located, and in whatever mode maintained.

    **(C)**    **Turnover of Licenses, Permits, and Taxpayer ID Number:** Turn over to the Receiver all documents that pertain to all licenses, permits, or government approvals relating to the Receivership Estate and shall immediately advise the Receiver of Federal and State taxpayer identification numbers used in connection with the operation of the Property.

    **(D)**    **Notification of Insurance:** Shall immediately advise the Receiver as to the nature and extent of insurance coverage on the Receivership Estate. Defendant shall immediately name the Receiver as an additional insured on the insurance policy(ies) for the period that the Receiver shall be in possession of the Receivership Estate. Defendant is prohibited from canceling, reducing, or

modifying any and all insurance coverage currently in existence with respect to the Receivership Estate; and

    **(E)**    **Turnover of Monies and Security Deposits:** Immediately turn over to the Receiver any monies including, but not limited to, rent, security deposits, prepaid rent, or funds in property management bank accounts or other depository accounts for the Property.  The tenants occupying, using or leasing the Property, or any portion thereof, shall now make payments to the Receiver.

24.    It is Further Ordered that pending further Order of this Court, Defendant, including its agents, partners, managers, managing members, property managers and employees, and all other persons acting in concert with them who have actual or constructive knowledge of this Order, and their agents and employees, shall not:

    **(A)**    **Commit Waste:** Defendant shall not commit or permit any waste on the Property or any part thereof, or suffer,  commit or permit any act on the Property or any part thereof in violation of law, or remove, transfer, encumber or otherwise dispose of any of the Property or the fixtures presently on the Property or any part thereof;

    **(B)**    **Collect Rents:** Defendant shall not demand, collect, receive, discount, or in any other way divert or use any of the Rents from the Property.

    **(C)**    **Interfere with Receiver:** Defendant shall not directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order or the Receiver's possession of and operation or management of the Receivership Estate;

    **(D)**    **Transfer or Encumber the Property:** Defendant shall not expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any part of the Receivership Estate, including, but not limited to, the Rents, without prior Court Order; and

25. As to the injunctive relief granted herein, this Order shall be binding on the parties to this action, their officers, agents, servants, employees, and attorneys, and on those persons in active concert or participation with them who receives actual notice of this injunction,

26. **Plaintiff's Bond:** Plaintiff shall file a bond for the Restraining Order and Preliminary Injunction described herein in the amount of $5,000 within seven days of entry of Order.

Dated:   7/23/10

_____
United States District Court Judge

AGREED ORDER GRANTING J.E. ROBERT COMPANY'S EMERGENCY MOTION FOR APPOINTMENT OF A RECEIVER AND TEMPORARY RESTRAINING ORDER

# EXHIBIT A

### **Proposed Receiver's Fee Structure**

| | |
|---|---|
| Management Fee | 5% of gross income but not less than $500 per building per month |
| Receivership Fee | 1% of gross Income but not less than $2500 per month |
| Start up Fee | $1500 per property |
| Disposition Fee | $1500 per property |
| Project Management | 8% of total project cost |
| Leasing Commissions | ½ month's rent but not less than $750 per lease |

12178461v.4

1 | Edward C. Singer, Jr. (SBN 226406)
2099 Market Street
2 | San Francisco, CA 94114
Telephone: (415) 252-4220
3 | Facsimile: (415) 522-5283

4 | Attorneys for Defendant
TROPHY PROPERTIES IV B8A, LLC

5

6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11

12 | J.E. ROBERT COMPANY, AS SPECIAL
SERVICER FOR WELLS FARGO BANK,
13 | N.A., AS TRUSTEE FOR THE REGISTERED
HOLDERS OF J.P. MORGAN CHASE
14 | COMMERCIAL MORTGAGE SECURITIES
TRUST 2007-LDP10 COMMERCIAL
15 | MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-LDP10,

16

17 | Plaintiff,

18 | v.

19 | TROPHY PROPERTIES IV B8A, LLC and
DOES 1 – 50, inclusive,

20 | Defendants.

21

Case No. C 10-3086 RS

**DECLARATION OF EDWARD C.
SINGER, JR. REGARDING SECURITY
DEPOSITS FOR TROPHY
PROPERTIES**

22

23 | I, Edward C. Singer, Jr., declare:

24 | 1.  I am General Counsel for the Defendant, Trophy Properties IV B8A, LLC

25 | ("Trophy").  I have personal knowledge of the following facts and could and would testify

26 | competently to them if called as a witness.

27 | 2.  Attached to this Declaration as Exhibit 1 is a true and correct copy of a Trophy

28 | spreadsheet accurately detailing the security deposit balances as of July 21, 2010 for the

properties located at (a) 755-757 Green Street, San Francisco, CA; (b) 940-949 Hayes Trettet, San Francisco, CA; (c) 720 Jones Street, San Francisco, CA; (d) 815 O'Farrell Street, San Francisco, CA; (e) 1705 Octavia Street, San Francisco, CA; (f) 626 Powell Street, San Francisco, CA; (g) 1085 South Van Ness Avenue, San Francisco, CA; and (h) 1155 Jones Street, San Francisco, CA.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 23, 2010

_____
Edward C. Singer, Jr., Declarant.

12523287v.1

# EXHIBIT 1

## Security Deposit Balances Detail

**1085 South Van Ness Avenue**

| Unit | ID | Name | Status | | | | | |
|---|---|---|---|---|---|---|---|---|
| 101 | 00054532 | Lee | Current | 1,520.00 | 500.00 | | | |
| 102 | 00029423 | Bannister | Notice | 3,020.00 | 150.00 | 200.00 | | |
| 103 | 00054217 | Schulze | Current | 1,500.00 | | | | |
| 104 | 00020454 | Cameron | Current | 1,920.00 | 500.00 | 150.00 | | |
| 105 | 00010159 | Homan | Current | 1,150.00 | | | 275.00 | |
| 106 | 00010160 | McClain | Current | 800.00 | | | | |
| 107 | 00015962 | Grey | Past | 225.00 | | | | |
| 107 | 00033098 | Tinneman | Current | 1,900.00 | | | | |
| 108 | 00054339 | Kraus | Current | 1,520.00 | 800.00 | | | |
| 109 | 00033610 | Ayala | Current | 1,975.00 | 500.00 | | | |
| 110 | 00024588 | Berthold | Current | 1,975.00 | 300.00 | | | |
| 201 | 00024181 | Richards | Past | -500.00 | | | | |
| 201 | 00054222 | Kaye | Current | 1,920.00 | 500.00 | | | |
| 202 | 00054423 | Fan | Current | 1,945.00 | | | | |
| 203 | 00021180 | Kenny | Notice | 1,375.00 | | | | |
| 204 | 00010169 | Bunge | Past | -1,250.00 | | | | |
| 204 | 00032836 | Haynes | Current | 1,935.00 | | -50.00 | | |
| 205 | 00012910 | Smith | Current | 1,675.00 | | | | |
| 207 | 00035996 | Enriquez | Current | 1,695.00 | | | 225.00 | |
| 208 | 00015964 | Chong | Past | 225.00 | | | | |
| 208 | 00016767 | Thompson | Current | 1,420.00 | | | | |
| 209 | 00054433 | Olson | Current | 1,875.00 | | | | |
| 210 | 00026189 | Kochhar | Current | 2,075.00 | 75.00 | | | 75.00 |

## Security Deposit Balances Detail

| Unit | Account | Name | Status | | | | | | | | | | |
|------|---------|------|--------|---|---|---|---|---|---|---|---|---|---|
| 302 | t0035328 | Tanaka | Current | 2,000.00 | | | | | | | | | |
| 303 | t0101060 | Kuppe | Current | | 1,000.00 | | | | | | | | |
| 304 | t0010161 | Gaebsch | Current | 1,000.00 | | | | | | | | | |
| 305 | t0018836 | Fritz | Current | 1,920.00 | | | | | | | | | |
| 306 | t0010309 | Royal | Current | 250.00 | | | | | | | | | |
| 308 | t0027277 | Nichols | Current | 2,420.00 | | | | | | | | | |
| 309 | t0035761 | Keith-King | Current | 1,750.00 | | | | | | | | | |
| 310 | t0010312 | Finn | Current | | 1,000.00 | | | | | | | | |
| STALL01 | t0035967 | Tanaka | Current | | | | | 100.00 | | | | | |
| STALL02 | t0032964 | Haynes | Current | | 75.00 | | | 100.00 | | | | | |
| STALL02 | t0015565 | Chong | Past | | | | -225.00 | | | | | | |
| STALL02 | t0024182 | Richards | Past | | | | | | -75.00 | | | | |
| STALL03 | t0036511 | Kaye | Current | | | | 255.00 | | | | | | |
| STALL04 | t0035437 | Olsen | Current | | | | 50.00 | | | | | | |
| STALL05 | t0035611 | Ayala | Current | | | | 175.00 | | | | | | |
| STALL06 | t0034340 | Kraus | Current | | 25.00 | | 55.00 | | | 75.00 | | | |
| STALL08 | t0033319 | Timmerman | Current | | | | 100.00 | | | | | | |
| STALL12 | t0035368 | Tanaka | Current | | | | 50.00 | | | | | | |
| STALL14 | t0035862 | Keith-King | Current | | | | 50.00 | | | | | | |
| STALL15 | t0024589 | Berthold | Current | | | | 125.00 | | | | | | |
| STALL19 | t0035766 | Fan | Current | | | | 50.00 | | | | | | |
| STALL21 | t0035910 | Boesel | Current | | | | | | | | | 225.00 | |
| STALL23 | t0034333 | Lee | Current | | | | 55.00 | | | | | | |
| **Property Totals** | | | | 43,910.00 | 2,600.00 | 250.00 | 1,780.00 | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100.00 |

## Security Deposit Balances Detail

### 1155 Jones Street - Nob Hill Place

| Unit | Account# | Name | Status | Amount |
|---|---|---|---|---|
| 101 | t0012096 | Accenture - San | Past | 500.00 |
| 102 | t0009525 | Khambata/Bone | Past | 1,000.00 |
| 107 | t0020202 | Lee | Canceled | 500.00 |
| 108 | t0104426 | Nichols | Past | -1,000.00 |
| 109 | t0009532 | Braun | Current | 150.00 |
| 201 | t0022067 | Brand (Mark Stark) | Past | 32.00 |
| 205 | t0103316 | Rosenbaum | Current | 1,000.00 |
| 210 | t0011220 | | Past | 250.00 |
| 301 | t0032040 | Pickett | Current | 1,000.00 |
| 301 | t0012864 | Becerra | Past | 500.00 |
| 305 | t0009727 | Chakraborty | Past | 500.00 |
| 306 | t0009728 | Piper | Past | -1,000.00 |
| 307 | t0011672 | Chew | Past | -500.00 |
| 403 | t0109777 | Pinnington | Past | 1,000.00 |
| 405 | t0010739 | Kwong | Canceled | 1,000.00 |
| 405 | t0009617 | McDonald | Past | 500.00 |
| 407 | t0009634 | Wendlandt | Past | 500.00 |
| 501 | t0010302 | Cilsham | Past | -500.00 |
| 501 | t0012427 | Kieffer | Past | -500.00 |
| 505 | t0009679 | Bruscella | Past | 1,000.00 |
| 507 | t0009533 | Khosrovani | Past | 1,000.00 |
| 507 | t0009894 | Furgson | Past | 1,000.00 |
| 509 | t0010062 | Oster | Past | 1,000.00 |

## Security Deposit Balances Detail

| Unit | ID | Name | Status | Amount | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 509 | 00007705 | Kosh | Past | 1,000.00 | | | | | | | | | |
| 510 | 00009694 | Carvel | Current | 750.00 | | | | | | | | | |
| 607 | 00011527 | Kamp | Past | -750.00 | | | | | | | | | |
| 607 | 00096116 | McDonald | Past | 1,000.00 | | | | | | | | | |
| 610 | 00100034 | Eichelberger | Past | 1,000.00 | | | | | | | | | |
| WAIT | 00014670 | Irwin | Canceled | 1,000.00 | | | | | | | | | |
| ZFUTURE1 | 00010747 | Thomson | Canceled | 1,000.00 | | | | | | | | | |
| ZFUTURE3 | 00011006 | Dale | Canceled | 1,000.00 | | | | | | | | | |
| ZFUTURE4 | 00011008 | Nagel | Canceled | 500.00 | | | | | | | | | |
| ZFUTURE4 | 00012244 | Brendel | Canceled | 500.00 | | | | | | | | | |
| Property Totals | | | | 15,132.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

## Security Deposit Balances Detail

### 1705 Octavia Street

| Unit | ID | Name | Status | | | | | | | | | | |
|---|---|---|---|---:|---:|---:|---:|---:|---:|---:|---:|---:|---:|
| 101 | 00013091 | Allen | Current | 1,475.00 | | | | | | | | | |
| 102 | 00035634 | Molina | Current | 1,525.00 | 500.00 | | | | | | | | |
| 103 | 00010114 | Pfeifer | Current | 750.00 | | | | | | | | | |
| 201 | 00010115 | Hicks | Current | 1,500.00 | | | | | | | | | |
| 202 | 00010116 | Marino | Current | 775.00 | | | | | | | | | |
| 203 | 00035293 | Foster | Current | 1,725.00 | 500.00 | | | | | | | | |
| 204 | 00010118 | Yootz | Current | 1,275.00 | | | | | | | | | |
| 301 | 00014177 | Resignato | Current | 1,550.00 | | | | | | | | | |
| 302 | 00014218 | Clemenza | Current | 1,550.00 | | | 250.00 | 75.00 | | | | | |
| 303 | 00010121 | Cushman | Current | 225.00 | | | | | | | | | |
| 304 | 00013848 | Jones | Current | 1,500.00 | | | | | | | | | |
| PK01 | 00013117 | Morrow | Past | 415.00 | | | | | | | | | |
| PK02 | 00013209 | Allen | Past | | | | | | | | | | |
| PK03 | 00012959 | Chiou | Past | -225.00 | | -250.00 | | -50.00 | -75.00 | | | | |
| PK04 | 00036304 | Molina | Current | | | | 275.00 | | | | | | 275.00 |
| PK05 | 00035929 | Washington (Offsite) | Current | | | | | | | | | | |
| **Property Totals** | | | | 14,040.00 | 1,000.00 | -25.00 | 525.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 275.00 |

## Security Deposit Balances Detail

### 526 Powell Street

| Unit | Account | Name | Status | | | |
|---|---|---|---|---|---|---|
| 101 | 00035083 | Basaloco Lapo | Current | | 2,020.00 | |
| 102 | 00097754 | Bowser | Current | | 190.00 | |
| 103 | 00097755 | Balakrishna | Current | | 1,100.00 | |
| 104 | 00034578 | Nelson | Current | | 2,020.00 | 500.00 |
| 201 | 00036303 | Wu | Current | | 1,350.00 | |
| 202 | 00097757 | Murray | Current | | 1,200.00 | |
| 203 | 00036090 | Grace | Current | | 1,350.00 | 500.00 |
| 205 | 00097763 | Hanson | Current | | 1,170.00 | |
| 206 | 00037727 | Shorett | Current | | 1,485.00 | |
| 301 | 00033821 | Son | Current | | 1,425.00 | |
| 302 | 00097766 | Marshall | Current | | 500.00 | |
| 304 | 00034574 | Marlowe | Current | | 1,460.00 | |
| 305 | 00019305 | Villalobos | Current | | 1,575.00 | |
| 306 | 00097769 | Herrada | Current | | 700.00 | |
| 401 | 00097770 | Kuczynski | Current | | 1,200.00 | |
| 402 | 00034145 | Jordan | Current | | 1,475.00 | |
| 404 | 00036648 | Macomber | Current | | 1,295.00 | |
| 405 | 00034942 | Goldberg | Current | | 1,475.00 | |
| 406 | 00033019 | Rigsich | Current | | 1,520.00 | |
| 501 | 00014428 | Morlan | Current | | 1,520.00 | 500.00 |
| 502 | 00032853 | Trochez | Current | | 1,575.00 | |
| 503 | 00097778 | Verminder | Current | | 575.00 | |
| 504 | 00037729 | Langan | Current | | 1,520.00 | 300.00 |

## Security Deposit Balances Detail

| Unit | Code | Name | Status | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 505 | 00029780 | Conoly | Current | 580.00 | | | | | | | |
| 506 | 00034316 | Giles | Current | 1,425.00 | | | | | | | |
| 601 | 00035014 | Christensen | Current | 1,550.00 | 300.00 | | | | | | |
| 602 | 00034734 | Grannis | Current | 1,475.00 | | | | | | | |
| 603 | 00029783 | Pickering | Current | 560.00 | | | | | | | |
| 604 | 00029784 | Klizas | Current | 475.00 | | | | | | | |
| 605 | 00029785 | Watt | Past | 1,300.00 | | | -1,300.00 | | | | |
| 605 | 00035074 | Fedun III | Current | 1,395.00 | | | | | | | |
| 606 | 00029787 | Hall | Current | 877.55 | | | | | | | |
| Property Totals | | | | 33,327.55 | 2,100.00 | 0.00 | 0.00 | -1,300.00 | 0.00 | 0.00 | 0.00 |

## Security Deposit Balances Detail

**720 Jones Street**

| Unit | ID | Name | Status | Balance |
|---|---|---|---|---|
| 01 | 10027532 | Reyes | Notice | 1,550.00 |
| 01A | 10034783 | Hungle | Current | 1,075.00 |
| 02 | 10009971 | Thai | Current | 650.00 |
| 03 | 10009972 | Huynh | Past | 200.00 |
| 03 | 10026382 | Miller | Past | 1,550.00 |
| 05 | 10034383 | Hsiao | Current | 1,250.00 |
| 06 | 10034702 | Reich | Current | 1,275.00 |
| 08 | 10034746 | Park | Current | 1,875.00 |
| 09 | 10009975 | Nguyen | Current | 200.00 |
| 21 | 10025494 | Yen-Lin | Current | 1,975.00 |
| 24 | 10009977 | Huynh | Current | 105.00 |
| 26 | 10009978 | Duong | Current | 205.00 |
| 27 | 10035930 | Emanuel | Current | 1,125.00 |
| 30 | 10009980 | Shunwa Yip | Current | 1,100.00 |
| 31 | 10009981 | Seki | Current | 1,100.00 |
| 32 | 10009982 | Yomijaren | Current | 200.00 |
| 33 | 10010014 | Yun | Past | -780.00 |
| 33 | 10011459 | Abshuler | Current | 1,150.00 |
| 34 | 10015999 | Miller | Notice | 1,575.00 |
| 36 | 10034125 | Ichimaru | Notice | 1,075.00 |
| 37 | 10018633 | Nikolabou | Current | 1,350.00 |
| 42 | 10009985 | Huynh (AKA Kevin | Current | 205.00 |
| 43 | 10009986 | Mihn | Current | 205.00 |

## Security Deposit Balances Detail

| # | Unit | Name | Status | | | | | | | | | |
|---|------|------|--------|--|--|--|--|--|--|--|--|--|
| 44 | t0034412 | Rahimanezad | Notice | 1,250.00 | | | | | | | | |
| 45 | t0034589 | Jiangda | Current | 1,312.50 | | | | | | | | |
| 47 | t0009989 | Jin | Current | 420.00 | | | | | | | | |
| 48 | t0035208 | Kumalawan | Current | 1,687.50 | | | | | | | | |
| 50 | t0009991 | Tran | Current | 205.00 | | | | | | | | |
| 51 | t0009992 | Yamamoto | Current | 1,100.00 | | | | | | | | |
| 52 | t0009993 | Terasawa | Past | 825.00 | | | | | | | | |
| 52 | t0027256 | Pohl | Current | 1,620.00 | | | | -825.00 | | | | |
| 54 | t0009994 | Chiem | Current | 200.00 | | | | | | | | |
| 56 | t0033208 | Yan | Current | 1,175.00 | | | | | | | | |
| 57 | t0009995 | Tran | Current | 200.00 | | | | | | | | |
| | Property Totals | | | 30,216.00 | 0.00 | 0.00 | 0.00 | 0.00 | -825.00 | -825.00 | 0.00 | 0.00 |

## Security Deposit Balances Detail

### 755 Green Street

| Unit | Account | Name | Status | Amount 1 | Amount 2 | Amount 3 | Amount 4 | Amount 5 |
|---|---|---|---|---|---|---|---|---|
| 755-1B | I0013421 | Kay | Current | 1,850.00 | | | | |
| 755-1C | K0019308 | Litteras | Notice | 2,320.00 | | | | |
| 755-1D | I0034854 | Lee | Current | 2,220.00 | 200.00 | | | |
| 755-2B | I0028002 | Mego | Current | 2,920.00 | | | | |
| 755-2D | I0010141 | Storck | Current | 975.00 | | | | |
| 755-2E | I0034836 | Puente-Lara | Current | 1,875.00 | | 25.00 | | |
| 755-3A | I0010143 | Harriss | Current | 1,200.00 | | | | |
| 755-3B | I0033754 | Hunzaker | Notice | 1,950.00 | 800.00 | | | |
| 755-3C | I0031548 | Grantham | Current | 2,520.00 | | | | |
| 755-3E | I0035317 | Williamson | Current | 1,945.00 | | 500.00 | | |
| 755-PK02 | I0013463 | Kay | Current | | | | | |
| 755-PK05 | I0013166 | Kwok (Offsite) | Current | 250.00 | | | 250.00 | |
| 755-PK09 | I0016678 | Robinson | Past | | | | -200.00 | |
| 755-PK09 | I0029404 | Mego | Current | | | | 250.00 | |
| 755-PK10 | I0013955 | Heller | Past | | | | 250.00 | |
| 755-PK11 | I0031790 | Fleming | Current | | | | | |
| 755-PK13 | I0033987 | Hunzaker | Notice | | | | 250.00 | |
| 757-1A | I0012769 | Campbell | Current | 1,550.00 | | | | 275.00 |
| 757-1B | I0036316 | LeBloch | Current | 1,650.00 | | | | |
| 757-1C | I0034909 | Bridger | Current | 2,350.00 | | 300.00 | | |
| 757-1D | I0035926 | Ghosh | Current | 1,595.00 | | | | |
| 757-1E | I0010280 | Sade | Current | 1,305.00 | | | | |
| 757-2B | I0010284 | Mc.Caustland | Current | 1,027.00 | | | | |

## Security Deposit Balances Detail

| Unit | Acct | Name | Status | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 757-2C | 0036155 | Emerson | Current | 2,250.00 | | | | | | | |
| | | | | | 25.00 | | | | | | |
| 757-2E | 0010287 | McInnes | Current | 1,600.00 | | | | | | | |
| 757-3A | 0010288 | Carlson | Current | 840.00 | | | | | | | |
| 757-3B | 0024433 | Beck | Current | 2,350.00 | | | | | | | |
| 757-3C | 0010295 | Gandy | Current | 185.00 | | | | | | | |
| 757-3D | 0034474 | O'Rourke | Current | 1,820.00 | | | | | | | |
| 757-3E | 0010804 | Song | Current | 250.00 | | | | | | | |
| 757-PK01 | 0031670 | Rstic (offsite) | Current | | | | | | | | |
| 757-PK02 | 0014033 | McGuire | Past | | | -250.00 | | | | | 275.00 |
| 757-PK06 | 0020645 | Mehrotra (Offsite) | Current | | | 250.00 | | | | | |
| 757-PK10 | 0026191 | Stein (offsite) | Current | | | | | | | | |
| 757-PK11 | 0034910 | Bridger | Current | | | 50.00 | | | | | 275.00 |
| 757-PK12 | 0005453 | Williamson | Current | | | 200.00 | | | | | 240.00 |
| 757-PK12 | 0032533 | Karcs (offsite) | Past | | | | | | | | |
| 757-PK13 | 0034541 | O'Rourke | Current | | | 50.00 | | | | | |
| Property Totals | | | | 38,997.00 | | 1,600.00 | 50.00 | 1,200.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,065.00 |

# Security Deposit Balances Detail

**815 O'Farrell Street**

| Unit | Account | Name | Status | Amount | Other |
|---|---|---|---|---|---|
| 100 | t0010913 | Elassaili | Current | 625.00 | 25.00 |
| 101 | t0034896 | Green | Current | 1,175.00 | |
| 201 | t0034009 | Smith | Current | 1,120.00 | 300.00 |
| 202 | t0022240 | Dewei Hu | Current | 1,720.00 | |
| 204 | t0034766 | Bragg | Current | 1,445.00 | |
| 205 | t0019879 | Anderson | Current | 1,120.00 | |
| 206 | t0024111 | Gonzales | Current | 1,012.50 | |
| 207 | t0031875 | Chuiz | Current | 1,320.00 | |
| 208 | t0034864 | Meyers | Current | 1,175.00 | |
| 301 | t0011046 | Groh | Current | 300.00 | |
| 302 | t0011049 | Balam Herrera | Past | -795.00 | |
| 303 | t0016043 | Whoble | Current | 1,120.00 | |
| 304 | t0035737 | Contact: David | Current | 1,275.00 | |
| 305 | t0034689 | Freeder | Current | 1,175.00 | |
| 307 | t0036045 | Shen | Current | 1,050.00 | |
| 401 | t0034262 | Weaver | Current | 1,220.00 | 300.00 |
| 402 | t0034812 | Quintero | Current | 995.00 | |
| 403 | t0053534 | Danby | Current | 1,200.00 | |
| 405 | t0034500 | Garretson | Current | 1,200.00 | 300.00 |
| 406 | t0034796 | Togliatti | Current | 1,175.00 | |
| 407 | t0034555 | Bernard | Current | 1,125.00 | 500.00 |
| 502 | t0036017 | Trofanova | Current | 1,075.00 | |
| 504 | t0014621 | Starling | Current | 1,150.00 | |

## Security Deposit Balances Detail

| Unit | Account | Name | Status | | | | | | | | | |
|---|---|---|---|--:|--:|--:|--:|--:|--:|--:|--:|--:|
| 505 | 00110509 | Quang Le | Current | 850.00 | | | | | | | | |
| 506 | 00111135 | Probst | Current | 850.00 | | | | | | | | |
| 507 | 00034577 | Delgado | Notice | 1,220.00 | | | | | | | | |
| 508 | 00110561 | Hill | Current | 675.00 | | 300.00 | | | | | | |
| 601 | 00034641 | Leyva | Current | 1,245.00 | | | | | | | | |
| 602 | 00337782 | Hernandez ( Bldg | Current | 1,320.00 | | | | | | | | |
| 603 | 00334484 | Dimaruof | Past | 1,175.00 | | | | | | | | |
| 603 | 00035042 | Rosen | Current | 1,200.00 | | | | | | | | |
| 604 | 00031870 | Lancaster | Current | 2,725.00 | | | | | | | | |
| 605 | 00034416 | Brookbank | Notice | 1,220.00 | | 300.00 | | | | | | |
| 607 | 00028978 | Kaiser | Past | 1,720.00 | | | | | | | | |
| 607 | 00035986 | Haley | Current | 1,030.00 | | | | | | | | |
| 608 | 00036613 | Moore | Current | 975.00 | | | | | | | | |
| 608 | 00110070 | Minh-Tan Cafe (Lu | Current | 1,150.00 | | | | | | | | |
| **Property Totals** | | | | 41,032.00 | 2,000.00 | 25.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

LAR00749

## Security Deposit Balances Detail

### 840-842 Hayes Street

| # | Account | Name | Status | Amount | | |
|---|---|---|---|---|---|---|
| 02 | 00022581 | Levitt | Current | 2,750.00 | | |
| 03 | 00024046 | Kyle | Current | 1,620.00 | | |
| 04 | 00034895 | Lemoine | Current | 1,550.00 | | |
| 05 | 00036210 | Brennecke | Current | 1,700.00 | 500.00 | |
| 06 | 00091441 | Carr | Past | 1,965.00 | | |
| 06 | 00012611 | Golden | Current | 1,550.00 | | |
| 07 | 00233300 | Leavitt | Current | 1,275.00 | | |
| 08 | 00228811 | Winter | Current | 2,425.00 | | |
| 09 | 00034911 | Levine | Current | 1,525.00 | | |
| 10 | 00022562 | Riskin | Current | 2,200.00 | | |
| 11 | 00091175 | Wickberg | Current | 1,745.00 | 500.00 | |
| 12 | 00091177 | Taylor | Past | -200.00 | | |
| 14 | 00091179 | Emmack | Current | 1,220.00 | | |
| 15 | 00092210 | Smith | Current | 1,400.00 | | |
| 16 | 00092219 | Dealey | Current | 50.00 | | |
| 17 | 00092285 | Brunner | Current | 1,350.00 | | |
| 18 | 00092221 | Manyon | Current | 750.00 | | |
| 19 | 00092222 | Bslanges | Past | -1,025.00 | | |
| 19 | 00026386 | Tolibas | Current | 1,825.00 | | |
| 20 | 00017995 | Poore | Current | 1,475.00 | | 300.00 |
| 21 | 00012626 | Carson | Current | 1,575.00 | | |
| 22 | 00053586 | Taylor | Current | 2,225.00 | 500.00 | |
| 24 | 00026046 | Carter | Current | 1,775.00 | 300.00 | |

## Security Deposit Balances Detail

| Unit | Tenant ID | Name | Status | Amt1 | Amt2 | Amt3 | Amt4 | Amt5 | Amt6 | Amt7 | Amt8 | Amt9 | Amt10 | Amt11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25 | 00013853 | Lekas | Current | 1,575.00 | | | 500.00 | | | | | | | |
| 25 | 00010238 | Rajagopal | Current | | | | | | | | | | | |
| 26 | 00014411 | Oliver | Past | 2,220.00 | 300.00 | | | | | | | | | |
| 27 | 00092229 | Goeglein | Current | 1,275.00 | 200.00 | | | 50.00 | | | | | | |
| 28 | 00028077 | Espinoza | Current | 1,820.00 | | | | | | | | | | |
| 29 | 00274002 | Tarrant | Current | 2,720.00 | | | | | | | | | | |
| 30 | 00092232 | Dickens | Current | 50.00 | | | | | | | | | | |
| 31 | 00033866 | Ratto | Current | 1,625.00 | | | | | | | | | | |
| 33 | 00093234 | Gumulinski | Current | 1,210.00 | | | | | | | | | | |
| 34 | 00017553 | Pearson | Current | 2,100.00 | | | | | | | | | | |
| 35 | 00174007 | Hildebrandt | Current | 2,720.00 | | | | | | | | | | |
| 36 | 00056086 | Foote | Current | 1,295.00 | | | | | | | | | | |
| 37 | 00034959 | Morin | Current | 1,720.00 | | | | | | | | | | |
| 38 | 00092239 | Ray | Current | 1,595.00 | | | | | | | | | | |
| 39 | 00092240 | Goldsand | Current | 230.00 | | | | | | | | | | |
| A | 00092441 | Lewis | Current | 1,075.00 | | | | | | | | | | |
| C | 00034082 | Harvey | Current | 2,220.00 | | | | | | | | | | |
| D | 00092242 | Mathis | Current | 995.00 | | | | | | | | | | |
| STAL-001 | 00032355 | Riskin (Apr 10) | Current | | | | 275.00 | | | | | | | |
| STAL-002 | 00022559 | Pearson | Current | | | | 225.00 | | | | | | | |
| STAL-01 | 00027802 | Wickberg | Current | | | | 250.00 | 250.00 | | | | | | |
| STAL-02 | 00032549 | Oliver | Past | | | | | 25.00 | | | | | | |
| STAL-1 | 00092249 | Harger | Past | | | | | | 38.20 | | | | | |
| **Property Totals** | | | | 84,970.00 | 2,700.00 | 0.00 | 1,250.00 | 125.00 | 38.20 | 0.00 | 38.20 | 0.00 | 0.00 | 0.00 |

Security Deposit Balances Detail

Report Totals

| 281,619.05 | 12,800.00 | 300.00 | 4,585.00 | 450.00 | -2,125.00 | 38.20 | 0.00 | 0.00 | 1,640.00 |